**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| ROBERT J. BIR, | ) | NO. CV 07-3978-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

**PROCEEDINGS**

Plaintiff filed a Complaint on June 19, 2007, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on July 6, 2007.

Plaintiff filed a motion for summary judgment on November 30, 2007. Defendant filed a cross-motion for summary judgment on December 13, 2007. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed June 25, 2007.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff, a former marketing consultant, asserted disability based on a variety of alleged physical and mental impairments (Administrative Record ("A.R.") 45-46, 83, 188, 331, 353-54). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from Plaintiff and a vocational expert (A.R. 7-360). The ALJ found Plaintiff retains the residual functional capacity to perform work, including Plaintiff's past relevant work (A.R. 12-20). The Appeals Council denied review (A.R. 3-5).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards. See DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991); Swanson v. Secretary of Health and Human Serv., 763 F.2d 1061, 1064 (9th Cir. 1985). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted).

This Court "may not affirm [the Administration's] decision simply by isolating a specific quantum of supporting evidence, but must also consider evidence that detracts from [the Administration's] conclusion." Ray v. Bowen, 813 F.2d 914, 915 (9th Cir. 1987) (citation and quotations omitted). However, the Court cannot disturb

findings supported by substantial evidence, even though there may exist other evidence supporting Plaintiff's claim. See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, 417 U.S. 933 (1974); Harvey v. Richardson, 451 F.2d 589, 590 (9th Cir. 1971).

## DISCUSSION

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied. The Administration's findings are supported by substantial evidence and are free from material[1] legal error.

### I. Substantial Evidence Supports the Conclusion Plaintiff Can Work.

A social security claimant bears the burden of "showing that a physical or mental impairment prevents him from engaging in any of his previous occupations." Sanchez v. Secretary, 812 F.2d 509, 511 (9th Cir. 1987); accord Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). Plaintiff must prove his impairments prevented him from working for twelve continuous months. See Barnhart v. Walton, 535 U.S. 212, 218-25 (2002); Krumpelman v. Heckler, 767 F.2d 586, 589 (9th Cir. 1985), cert. denied, 475 U.S. 1025 (1986). Substantial evidence supports the conclusion Plaintiff failed to carry his burden

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1991); see also Batson v. Commissioner, 359 F.3d 1190, 1196 (9th Cir. 2004); Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

in this case.

Dr. Tamayo, an examining internist, found Plaintiff has no functional impairments (A.R. 291). Dr. Pittman, a radiologist, discerned only mild or normal changes in the area of the lumbar spine (A.R. 294). Dr. Paculdo, an examining psychiatrist, found Plaintiff can work (A.R. 298). Dr. Paculdo assessed Plaintiff's GAF at 65.[2] Id. Dr. Josephs, an examining psychologist, assessed Plaintiff's GAF at 63 (A.R. 326).

Non-examining physicians found Plaintiff retains a physical and mental capacity consistent with an ability to work (A.R. 299-306, 309). Where the opinion of a non-examining expert does not contradict "all other evidence in the record," the Administration properly may rely upon such opinion. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Curry v. Sullivan, 925 F.2d at 1130 n.2. The Administration may not rely solely upon the opinions of non-examining experts. See, e.g., Lester v. Chater, 81 F.3d 821, 833 (9th Cir. 1995); Erickson v. Shalala, 9 F.3d 813, 818 n.7 (9th Cir. 1993). Reliance was not sole in the present case.

Although the medical evidence is conflicting, the ALJ properly resolved the conflicts. Where, as here, the evidence "is susceptible

---

[2] "A GAF score from 61-70 indicates some mild symptoms (e.g., depressed mood and mild insomnia) or some difficulty in social, occupational, or school functioning (e.g., occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships . . ." Orcutt v. Barnhart, 2005 WL 2387702 *4 n.5 (C.D. Cal. Sept. 27, 2005) (citations and quotations omitted).

4

to more than one rational interpretation," the Court must uphold the administrative decision. Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); accord Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

**II.  Plaintiff's Arguments Are Unavailing.**[3]

Plaintiff argues that the ALJ improperly rejected the opinions of Dr. Hammer, a treating physician. The Court discerns no material error.

Dr. Hammer opined in conclusory forms headed "Physical Residual Functional Capacity Assessment" that Plaintiff lacks sufficient capacity for full-time employment (A.R. 188, 331). The ALJ rejected these opinions, properly observing, inter alia, that the opinions are insufficiently supported by, and inconsistent with, Dr. Hammer's treatment records and the objective findings (A.R. 13-14, 16-17; see A.R. 208-87).

Where a treating physician's opinion is contradicted, the ALJ may reject the opinion by setting forth "specific, legitimate reasons" for doing so. Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. See, e.g., Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996);

---

[3] The Court has considered all of Plaintiff's arguments and has found those arguments unpersuasive. The Court discusses Plaintiff's principal arguments herein.

5

1  Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

2

3  The ALJ's rejection of Dr. Hammer's opinions satisfies either
4  standard.  An ALJ properly may reject treating physicians' conclusory
5  assessments when unsupported by adequate clinical findings.  See,
6  e.g., Matney v. Sullivan, 981 F.2d 1016, 1019-20 (9th Cir. 1992);
7  Burkhart v. Bowen, 856 F.2d 1335, 1139-40 (9th Cir. 1988); Young v.
8  Heckler, 803 F.2d 963, 967-68 (9th Cir. 1986); see also Bayliss v.
9  Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (contradiction between
10 treating physician's assessment and clinical notes justifies
11 rejection of assessment); Batson v. Commissioner, 359 F.3d 1190, 1195
12 (9th Cir. 2004) ("an ALJ may discredit treating physicians' opinions
13 that are conclusory, brief, and unsupported by the record as a whole
14 . . . or by objective medical findings"); Connett v. Barnhart, 340
15 F.3d 871, 875 (9th Cir. 2003) (treating physician's opinion properly
16 rejected where treating physician's treatment notes "provide no basis
17 for the functional restrictions he opined should be imposed on [the
18 claimant]").  Similarly, an ALJ properly may reject a treating
19 physician's opinion that is predicated on the properly discounted
20 subjective complaints of the claimant.  Fair v. Bowen, 885 F.2d 597,
21 605 (9th Cir. 1989).  As discussed below, the ALJ properly discounted
22 Plaintiff's subjective complaints, complaints which therefore cannot
23 paper over the gaps between Dr. Hammer's relatively innocuous
24 clinical findings and Dr. Hammer's opinions of total disability.
25
26 Plaintiff also argues that the ALJ erred in rejecting the
27 opinions of Dr. Josephs, a psychologist.  No material error occurred.
28 Contrary to the characterization contained at page 8, lines 15-17 of

Plaintiff's motion, Dr. Josephs was not a "treating physician." Plaintiff reportedly saw Dr. Josephs only once, in conjunction with Plaintiff's claim for disability benefits, and at the direction of Plaintiff's attorney (A.R. 354-55). An ALJ need not explicitly detail reasons for rejecting the contradicted opinions of non-treating physicians. Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). Moreover, the ALJ did state sufficient reasons for rejecting Dr. Josephs' unsupported and inconsistent opinions (A.R. 17-18).

Plaintiff also argues the ALJ erred in finding not credible Plaintiff's testimony regarding his allegedly disabling symptomatology. Again, Plaintiff has failed to demonstrate any material error.

An ALJ's assessment of a claimant's credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). The discounting of a claimant's testimony regarding subjective symptoms must be supported by specific, cogent findings. See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); Varney v. Secretary of Health and Human Serv., 846 F.2d 581, 584 (9th Cir. 1988); see also Smolen v. Chater, 80 F.3d 1273, 1282-84 (9th Cir. 1996).[4] The ALJ

---

[4] In the absence of evidence of "malingering," some Ninth Circuit cases have applied the seemingly more rigorous "clear and convincing" standard. See Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003); Ballard v. Apfel, 2000 WL 1899797 *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting cases). In the present case, the ALJ's findings pass muster under either the "specific, cogent" standard or the "clear and convincing" standard, so any distinction between the two standards is academic.

stated sufficient reasons for finding Plaintiff's testimony not credible.

The ALJ correctly stated that Plaintiff's subjective complaints were out of proportion to the objective medical evidence (A.R. 18). Although a claimant's credibility "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor . . ." Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001). As the discussion below demonstrates, the ALJ did not reject Plaintiff's testimony on the "sole" ground of a lack of corroborative medical evidence.

The ALJ emphasized Plaintiff's rather extensive daily activities (A.R. 19). Plaintiff reads, works on a computer, goes for walks, goes to the library, cleans, does laundry, and goes shopping (A.R. 75, 77-78, 289). An ALJ properly may consider such activities in evaluating credibility. See Burch v. Barnhart, 400 F.3d 676, 680-812 (9th Cir. 2005) (daily activities including cooking, cleaning and shopping found to constitute "clear and convincing reasons" for discounting the claimant's testimony); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (extensive daily household activities found to constitute "clear and convincing reasons" for discounting the claimant's testimony); Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1999) (household chores inconsistent with allegations of severe impairment); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) ("[a]n ALJ is clearly allowed to consider the ability to perform household chores").

1    The ALJ noted that psychological test results indicated
2 Plaintiff "likely exaggerated his responses to the test," and "is
3 willing to present himself as more impaired and limited than he
4 actually is" (A.R. 18-19). Findings of exaggeration can support the
5 rejection of subjective complaints. See, e.g., Madrigal v. Sullivan,
6 777 F. Supp. 1503, 1507 (N.D. Cal. 1991).

8    The ALJ also noted the incongruity between Plaintiff's
9 complaints of allegedly disabling symptoms and Plaintiff's failure to
10 seek more aggressive treatments for those alleged symptoms (A.R. 18).
11 A conservative course of treatment may discredit a claimant's
12 allegations of disabling symptoms. See Johnson v. Shalala, 60 F.3d
13 1428, 1434 (9th Cir. 1995) (conservative treatment can suggest a
14 lower level of both pain and functional limitation, justifying
15 adverse credibility determination); Meanel v. Apfel, 172 F.3d 1111,
16 1114 (9th Cir. 1999) (allegation of excess pain inconsistent with
17 conservative treatment); Bunnell v. Sullivan, 947 F.2d 341, 346 (9th
18 Cir. 1991) (failure to seek medical treatment can justify an adverse
19 credibility determination); Fair v. Bowen, 885 F.2d 597, 603-604 (9th
20 Cir. 1989) (same).
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1    The ALJ noted that psychological test results indicated
2 Plaintiff "likely exaggerated his responses to the test," and "is
3 willing to present himself as more impaired and limited than he
4 actually is" (A.R. 18-19). Findings of exaggeration can support the
5 rejection of subjective complaints. See, e.g., Madrigal v. Sullivan,
6 777 F. Supp. 1503, 1507 (N.D. Cal. 1991).

8    The ALJ also noted the incongruity between Plaintiff's
9 complaints of allegedly disabling symptoms and Plaintiff's failure to
10 seek more aggressive treatments for those alleged symptoms (A.R. 18).
11 A conservative course of treatment may discredit a claimant's
12 allegations of disabling symptoms. See Johnson v. Shalala, 60 F.3d
13 1428, 1434 (9th Cir. 1995) (conservative treatment can suggest a
14 lower level of both pain and functional limitation, justifying
15 adverse credibility determination); Meanel v. Apfel, 172 F.3d 1111,
16 1114 (9th Cir. 1999) (allegation of excess pain inconsistent with
17 conservative treatment); Bunnell v. Sullivan, 947 F.2d 341, 346 (9th
18 Cir. 1991) (failure to seek medical treatment can justify an adverse
19 credibility determination); Fair v. Bowen, 885 F.2d 597, 603-604 (9th
20 Cir. 1989) (same).
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

For all of the foregoing reasons, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 7, 2008.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE